[No. 19838. Department One. September 1, 1926.]

JOHN E. COOK, *Respondent*, v. MARY J. COOK,
*Appellant*.[1]

[1] DIVORCE (71)—ALIMONY—AMOUNT. Upon granting a divorce to
parties in middle life, an award of five hundred dollars to a wife
who has but eight hundred dollars while the husband has prop-
erty of the value of twelve or thirteen thousand dollars, will be
modified to require the payment to the wife of one thousand
dollars.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered September 10,
1925, upon findings in favor of the plaintiff, fixing the
allowance of alimony on awarding a divorce. Reversed.

*S. A. Bostwick,* for appellant.

*E. C. Dailey* and *A. E. Dailey,* for respondent.

BRIDGES, J.—There is no reason why we should here
recount the domestic troubles between the parties to
this action. Suffice it to say that a reading of the testi-
mony convinces us that there was ample ground for
divorce, and that the trial court was right in granting
the relief to the plaintiff rather than to the cross-com-
plainant. But we think the decree should be modified
with reference to the alimony awarded to the defend-
ant, who is the appellant here.

These parties were married in Minnesota in 1917.
At that time, each had been previously married and had
children. There was no issue resulting from this mar-
riage. When married to appellant, the respondent
owned, and still owns, a farm in North Dakota which is
worth in the neighborhood of $10,000. During the past
year it has been rented for $800 cash. The husband
and wife lived on this farm for a while. Difficulties

[1]Reported in 248 Pac. 805.

arose between them. The wife, the appellant here, brought suit for divorce, and a settlement of the difficulties was had by the respondent paying her $2,500 in cash, she releasing to him any and all interest in the Dakota farm. The suit for divorce never came to trial.

She left him, however, and came to the state of Washington. Some time after that, he, likewise, came to this state, and they were reconciled and again commenced living together as husband and wife. After he came to this state he bought a twenty-acre tract of land, which is his separate property, and which is at this time worth in the neighborhood of $2,000. The appellant helped to do some clearing on this twenty-acre tract and to build a house thereon.

[1] Their former difficulties again sprang up, and the respondent brought this suit for divorce. At this time, each of the parties is beyond middle life, although the record does not indicate just how old they are. Of the $2,500 paid to the appellant, she still has $800, and, so far as the record shows, that is all she has at this time, while respondent is the owner of property of the value of some $12,000 or $13,000. The trial court awarded her $500 and required the respondent to pay that sum to her within ninety days, and made the judgment a lien upon the land in this state.

It seems to us that, under all the circumstances, the court should have given her a larger amount. It is true that all the property belongs to the respondent as his separate property, that appellant has been in the wrong, and that at one time she was paid $2,500 on account of her supposed interest in the Dakota land. While these things should be taken into consideration, yet we should not lose sight of the present condition of the parties.

The judgment is reversed, with direction to the trial court to modify its judgment by requiring the respondent, at his election, to pay to the appellant, within sixty

days from the date of the modified decree, the sum of $1,000, or the sum of $1,100 payable at the rate of $50 each and every month, until the whole amount be paid. The amount thus to be awarded to appellant to become a lien upon the respondent's property in this state, he to be awarded that property.

TOLMAN, C. J., ASKREN, FULLERTON, and HOLCOMB, JJ., concur.